**IN THE FRANKLIN COUNTY COMMON PLEAS COURT**
**CIVIL DIVISION**

| | | |
|---|---|---|
| YAZAN ABUHAKMEH<br>c/o COX LAW OFFICE, LLC<br>4930 REED ROAD, SUITE 200<br>COLUMBUS, OHIO 43220 | : <br> : <br> : | |
| | : | CASE NO.: |
| PLAINTIFF, | | |
| | : | HON. JUDGE: |
| Vs. | : | |
| T-MOBILE US, INC.,<br>c/o CORPORATION SERVICE COMPANY<br>3366 RIVERSIDE DRIVE, SUITE 103<br>UPPER ARLINGTON, OHIO 43221 | : <br> : <br> : | |
| AND | : | JURY DEMAND ENDORSED HEREON |
| COINBASE, INC.<br>c/o CORPORATION SERVICE COMPANY<br>3366 RIVERSIDE DRIVE, SUITE 103<br>UPPER ARLINGTON, OHIO 43221 | : <br> : <br> : | |
| AND | : | |
| UPHOLD HQ, INC.<br>c/o CORPORATION SERVICE COMPANY<br>3366 RIVERSIDE DRIVE, SUITE 103<br>UPPER ARLINGTON, OHIO 43221 | : <br> : <br> : | |
| DEFENDANTS. | : | |

**COMPLAINT**

Now comes the Plaintiff, Yazan Abuhakmeh, and for his Complaint states as follows:

Facts:

1. At all times relevant hereto Yazan Abuhakmeh was a Franklin County, Ohio resident.

2. T-Mobile US, Inc. is a registered as a foreign corporation with the Ohio Secretary of State and conducts business on a regular and ongoing basis in Franklin County, Ohio.

3. T-Mobile US, Inc. (hereinafter "T-Mobile") is a registered as a foreign corporation with the Ohio Secretary of State and conducts business on a regular and ongoing basis in Franklin County, Ohio.

4. Coinbase, Inc. (hereinafter "Coinbase") is a registered as a foreign corporation with the Ohio Secretary of State and conducts business on a regular and ongoing basis in Franklin County, Ohio.

5. Uphold HQ, Inc. (hereinafter "Uphold") is a registered as a foreign corporation with the Ohio Secretary of State and conducts business on a regular and ongoing basis in Franklin County, Ohio.

6. The injuries were caused in Franklin County, Ohio.

7. T-Mobile, Coinbase, and Uphold are "suppliers as that term is defined under RC 1345.01(C).

8. Mr. Abuhakmeh is a "consumer" as that term is defined under RC 1345.01(D).

9. All pertinent relationships between Plaintiff and Defendants were "consumer transactions" as that term is defined under RC 1345.01(A).

10. This action arises out of Defendants failure to protect Mr. Abuhakmeh's highly sensitive personal and financial information. As a result of the Defendants' gross negligence in protecting Mr. Abuhakmeh's information, Defendants negligent hiring, supervision, and training of their respective employees who were responsible for safeguarding Mr.. Abuhakmeh's information and assets, T-Mobile's violation of laws that are expressly designed to protect the information of wireless carrier customers, Mr. Abuhakmeh lost around $70,000.00 in cryptocurrency and Mr. Abuhakmeh's privacy was invaded.

11. Mr. Abuhakmeh has suffered and will continue to suffer severe anxiety, fear, and emotional distress relating to the identity theft that he suffered as a result of Defendant's inadequate protection of his personal and financial information.

12. Defendants hold themselves out, and is required by law to be equipped to protect the personal and financial information of its customers.

13. Defendants promise their customers that they use a variety of administrative, technical, and physical security measures designed to protect their customers personal and financial data.

14. T-Mobile specifically holds itself out as protecting its customers SIM cards against accidental, unlawful, and unauthorized destruction, loss, alteration, access, disclosure, or use while under its control.

15. Defendants are aware that fraud has been increasingly occurring using schemes to access customer's personal and financial information by causing unauthorized changes to wireless accounts and unauthorized access to virtual wallets.

16. The fraud of SIM card swapping is pervasive and well known to T-Mobile.

17. SIM card swapping requires acquiescence or assistance from the carrier, in this case T-Mobile, to allow the fraudster to take over the user's cell phone. Once in control of the user's cell phone the fraudster transfer assets and data to their own use. This is what occurred to Mr. Abuhakmeh.

18. Defendants were undoubtedly aware of these frauds as they were reported widely within the media and by the FCC and FTC.

19. Despite being well aware of the rampant and ongoing fraud due to SIM swapping and inadequate security measures, Defendants breached their duties to their consumers, including Mr. Abuhakmeh.

20. Due to Defendants' failure to meet their legal obligations fraudsters were able to access Mr. Abuhakmeh's Coinbase and Uphold account transferring around $70,000.00 of cryptocurrency out of his accounts, none of which has been recovered.

**Claim I:** **Negligence:**

21. Plaintiff incorporates all allegations stated elsewhere within its Complaint as if fully restated herein.

22. Defendants owed Plaintiff a duty of, *inter alia,* care in the handling and safeguarding of Mr. Abuhakmeh's wireless and wallet for the purposes of providing cell phone and crypto transaction services.

23. Defendants breached their duties by failing to protect Mr. Abuhakmeh's personal data, information, and cryptocurrency from fraudsters.

24. Defendant T-Mobile breached its duty by actively participating in, and facilitating, the SIM swap from Mr. Abuhakmeh's phone and account.

25. Defendants breached its duties owed by failing to protect Mr. Abuhakmeh's accounts and by providing access to Mr. Abuhakmeh's account and, thus, to his personal, business, and financial information, without his authorization.

26. As a direct and proximate result of Defendants negligence Mr. Abuhakmeh was damaged in amount of approximately $70,000.00.

**Count II:** **Negligent Hiring, Retention, Training, and Supervision**

27. Plaintiff incorporates all allegations stated elsewhere within its Complaint as if fully restated herein.

28. At all times relevant hereto Defendants' agents and employees, including those directly and indirectly responsible for or involved with transferring Mr. Abuhakmeh's personal

information and facilitating the SIM swap were under the Defendants' direct supervision and control.

29. Defendants assumed the duty by holding its employees and agents out as competent representatives.

30. In reality Defendants employed call centers staffed by employees and agents with minimal training and understanding of the security parameters that were to be followed.

31. Of information and belief Defendants negligently retained, controlled, trained, and supervised its agents and employees regarding the known security threats that were exploited in accessing Mr. Abuhakmeh's accounts.

32. Defendant knew, or should have known, that the negligent training, supervision, and retention of these agents and employees would result in injuries to their customers.

33. It was foreseeable that these employees and agents were inadequately equipped to protect customer data and assets.

34. Despite the foreseeability and knowledge of the known hazards, Defendants failed to adequately train, supervise, control its employees and agents and negligently retained the same.

35. Of information and belief Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its agents and employees.

36. Mr. Abuhakmeh was injured as a result of Defendants negligent retention, training, supervision, and control of its agents and employees.

**Count III:     Electronic Fund Transfer Act, 15 U.S.C. § 1693 *et seq.***

37. Plaintiff incorporates all allegations stated elsewhere within its Complaint as if fully restated herein.

38. Per the EFTA, Regulation E, and Regulation E' Official Interpretations, Defendants bear responsibility for the unauthorized withdrawals.

39. In addition, once Plaintiff notified Defendants that his phone and account had been compromised, Defendants had an obligation to cancel the transfers and freeze the Account to assist in recouping Mr. Abuhakmeh's losses and prevent further unauthorized charges.

40. Defendants have failed to reimburse Plaintiff for the unauthorized transfers despite extensive attempts to obtain reimbursement.

41. Moreover, the EFTA places the burden of proof on the financial institution to demonstrate that challenged transfers were authorized or, if they were unauthorized, that the customer can be held liable for them. 15 U.S.C. § 1693g(b).

42. This burden of proof cannot be and was not plausibly met with regard to the contested transactions, and the Defendants could not have plausibly concluded that the transfers were authorized.

43. Defendants have denied Mr. Abuhakmeh's attempts to challenge the transfers but failed to notify Mr. Abuhakmeh of his right to receive all supporting documentation relied upn by the Defendants to reach the decision, as required by the EFTA.

44. Defendants violated the EFTA by issuing written dispute denials that did not inform Mr. Abuhakmeh of his right to the documentation relied upon by Defendants in reaching the denial determination.

45. Defendants did not have a reasonable basis for believing the account and transfers were not in error.

46. Defendants denied liability and concluded that the account was not error and such determination was not reasonable given the available evidence.

47. Defendants acts and omissions violate the EFTA.

48. As a direct and proximate result of these violations, Plaintiff is entitled to an award of actual, statutory, and treble damages, attorney's fees and costs.

**Count IV:    Ohio Consumer Sales Practices Act Violations**

49. Plaintiff incorporates all allegations stated elsewhere within its Complaint as if fully restated herein.

50. Defendant has committed unfair, unconscionable, and deceptive acts as outlined herein.

51. Such acts, such as the intentional breach of the various contracts between Mr. Abuhakmeh and Defendants, as well the violations of federal regulatory statutes, have previously been determined to be violative of the CSPA and are reported on the Ohio Attorney General's Public Inspection Files.

52. As a result of Defendants unfair, unconscionable, and deceptive acts Mr. Abuhakmeh has been damaged.

**Count V:    Negligent Infliction of Emotional Distress**

53. Plaintiff incorporates all allegations stated elsewhere within its Complaint as if fully restated herein.

54. Defendants could foresee that their actions would harm Mr. Abuhakmeh.

55. Defendants had a duty to Mr. Abuhakmeh.

56. Defendants breached their duties to Mr. Abuhakmeh.

57. Defendants made false representations regarding its security protocol and failed to implement policies to avoid the disclosure of personal information and transfer of assets on its network and platforms.

58. In failing to maintain adequate security Mr. Abuhakmeh's personal data and assets have been attacked, transferred, and subjected to countless breaches.

59. Defendants' actions have resulted in severe mental and emotional distress to Mr. Abuhakmeh and have significantly deteriorated his health.

**WHEREFORE,** Plaintiff seeks actual and compensatory damages in the amount of $70,000.00, statutory damages as set forth by law, treble damages, special damages, attorney's fees, costs, and such other and further relief to which he may be entitled pursuant to law.

Respectfully Submitted,

/s/ Michael T. Cox
Michael T. Cox         (0080691)
4930 Reed Road, Suite 200
Columbus, Ohio 43220
E-Mail: mcoxattorney@gmail.com
Telephone:  614/457-7700
Fax:  614/457-7878

*Attorney for Plaintiff*

Plaintiff hereby demands a jury by the maximum number of jurors for all issues so triable.

/s/ Michael T. Cox